**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES ROBERTS, | : | |
| | : | |
| Petitioner, | : | Civil No. 12-4010 (PGS) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES E. WARREN, et al., | : | |
| | : | |
| Respondents. | : | |

**SHERIDAN, DISTRICT JUDGE**

Petitioner James Roberts ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.   For the reasons stated herein, the Petition will be denied.

## I. BACKGROUND

This Court, affording the state court's factual determinations the appropriate deference, *see* 28 U.S.C. § 2254(e)(1)[1], will recount salient portions of the recitation of facts as set forth by New Jersey Superior Court, Appellate Division:

> Defendant waived indictment by grand jury and on September 18, 2003, he pled guilty to an accusation charging him with first-degree armed robbery, N.J.S.A. 2C:15-l; and first-degree carjacking, N.J.S.A. 2C:l5-2(a)(l).  His plea form notes that the "State will recommend [fifteen] years on each count of [the] accusation. [The] State will argue for consecutive terms. This is a[] NERA. . . case. . . ."

> At the plea hearing, the judge engaged in the following colloquy with defendant regarding the recommended sentence:

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

2

Q Now you understand that the plea bargain . . . sets forth that . . . they will recommend [fifteen] years in [s]tate [p]rison each count, the sentence not to exceed?

Q And they will seek to ask the [c]ourt on your sentencing day to have those terms made consecutive to each other.  Do you understand what that means?

A No.

Q That means to have that the State will seek . . . to have you sentenced to [thirty] years in total in state prison.  Do you understand that?

A Yes.

Q The State is reserving in the plea agreement the right to ask that the [c]ourt make your sentences consecutive, [fifteen] years on the armed robbery, and [fifteen] years on the carjacking, added together for a total of [thirty] years in prison?

A That wasn't the plea bargain.

Q Well, that's what it says here, sir.

A I thought I was going for - -

Q The State will argue for consecutive time, and you reserve the right on the day of your sentence to argue for concurrent time?

A Right.

Q That the [c]ourt, on sentencing day, impose a [fifteen]-year sentence on the carjacking and a [fifteen]-year sentence on the armed robbery, and allow you to serve them concurrently?

A Yes, [Y]our Honor.

Q So nobody's promised you one way or the other, and the [c]ourt has not given any indication, what the sentence will be, other than the fact that on each count it will not exceed [fifteen] years. Do you understand that?

A Yes, [Y]our Honor, I understand that.

3

Q So when you come to court on your sentencing day, you could get [fifteen] years, concurrent, which means the outside date is [fifteen] years; or, when you come to court you could get [thirty] years, or anything in between, [be]cause the [c]ourt's not bound by giving the [fifteen] years. The [c]ourt could go lower than [fifteen] years on each of these counts. Do you understand that?

A Yes, [Y]our Honor.

Q Other than those promises and representations, has anybody made any other promises and representations to you?

A No, [Y]our Honor.

Q Now, do you understand, sir, that each of these crimes that you are to pleading guilty to, robbery and carjacking, fall[s] under [NERA]?

A Yes, [Y]our Honor, I understand.

Q That's a mandatory period of parole ineligibility.    You understand that?

A Yes, I understand that.

Q And in your; case, if you get a concurrent term of incarceration, meaning [fifteen] years -- we'll do the math – that would be [twelve] and three-quarters years, or [twelve] years and [nine] months, before you're eligible to be considered for parole.   Do you understand that?

A Yes, [Y]our Honor.

Q And if you get a [thirty]-year sentence, it would be [twenty-five] and a half years, or [twenty-five] years and six months, before you're eligible to be considered for parole. Do you understand that?

Q Yes, I understand that.

…

Q Did you read all these papers . . . with . . . your attorney's assistance?

4

A Yes

Q And did he answer any questions that you had with regard to the questions?

A Yes, he did.

Q . . . [D]id he read each question to you?

A Yes, he did.

Q And did you understand the questions as he read them to you?

A Yes.

Q And when you answered the questions, did [counsel] circle the answers - -

A Yes.

Q -- that you gave him?

A Yes, [Y]our Honor.

Q So the answers that are on these sheets are your answers to these questions?

A Right. Yes, [Y]our Honor.

Q You haven't had any medication today, have you, sir?

A No.

Q You haven't had any drugs or alcohol . . .; is that correct?

A Correct.

Q Are you satisfied with the advice and counsel that you have received from [defense counsel] in this matter?

A Yes, I am.

Q Do you have any questions for the [c]ourt concerning this plea agreement?

5

> A No.

> Defendant then gave a factual basis, admitting that he went into World Bank and took money by putting employees in fear, telling them he had a bomb in his backpack; when he exited the bank, he used force to commandeer a vehicle from two people to get away.

*State v. Roberts*, No. A-0206-09T4, 2011 WL 3503119, at * 1-2 (N.J. Super. Ct. App. Div. Aug. 11, 2011).

The trial court sentenced Petitioner to two consecutive terms of fifteen years imprisonment subject to NERA, which Petitioner appealed to the Appellate Division. *State v. Roberts*, No. A-3241-03 (N.J. Super. Ct. App. Div. May 15, 2006). On May 15, 2006, the Appellate Division remanded for reconsideration of the imposition of consecutive sentences and "the overall fairness of the final sentence imposed." *Id.* On June 12, 2006, the trial judge imposed the same sentence and Petitioner again appealed. *State v. Roberts*, No. A-0037-06 (N.J. Super. Ct. App. Div. Mar. 29, 2007). The Appellate Division affirmed the imposition of consecutive sentences but modified Petitioner's sentence on armed robbery to ten years, thereby reducing Petitioner's aggregate term to twenty-five years. *Id.* The Supreme Court denied certification on July 16, 2007. *State v. Roberts*, 927 A.2d 1292 (N.J. 2007).

On or about November 21, 2008, Petitioner filed his first PCR petition, asserting ineffective assistance of counsel "at the time of plea and sentencing." (Pet'r's App., Pa 15-17, ECF No. 1-4.) A different judge heard argument on Petitioner's PCR petition on July 15, 2009 and after reviewing the history of Petitioner's case and discussing the pertinent legal standards, the judge concluded that Petitioner had failed to make a prima facie case of ineffective assistance of counsel and denied relief without a hearing. (*Id.* at Pa 44.) Petitioner appealed and the Appellate

6

Division affirmed the lower court's decision.  (*Id.* at ¶ Pa 48-60.)  On February 2, 2012, the petition for certification was denied by the New Jersey Supreme Court.  *State v. Roberts*, 36 A.3d 1064 (N.J. 2012).

On June 18, 2012, Petitioner filed the instant Petition.  (ECF No. 1.)  He alleges two grounds for relief: (1) "the written and signed plea agreement was clear that sentence Petitioner could receive was 12 years 9 months of parole ineligibility;" and (2) "Trial, Appellate and First PCR counsels were [sic] for not raising the issue from Ground One above."  (*Id.*)  Petitioner states that neither of those claims were raised in state court and after he filed his Petition here, he filed a second PCR petition in state court.  (*Id.*)  Specifically, on July 13, 2012, Petitioner filed his second PCR petition, which the state court denied on October 26, 2012.  (Resp'ts' Br., Exs. H-I.)

## II. DISCUSSION

### A. Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> . . .
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an

7

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . .

28 U.S.C. § 2254.

"§ 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011); *Glenn v. Wynder*, 743 F.3d 402, 406 (3d Cir. 2014). Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A federal court's authority to grant habeas relief is further limited when a state court has adjudicated petitioner's federal claim on the merits. *See* 28 U.S.C. § 2254(d).[2] If a claim has been adjudicated on the merits in state court proceedings, this Court "has no authority to issue the writ of habeas corpus unless the [state court's] decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Parker v. Matthews*, 132 S.Ct. 2148, 2151

---

[2] "[A] claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that finally resolves the claim based on its substance, not on a procedural, or other, ground." *Lewis v. Horn*, 581 F.3d 92, 100 (3d Cir. 2009) (quoting *Thomas v. Horn*, 570 F.3d 105, 117 (3d Cir. 2009)). "Section 2254(d) applies even where there has been a summary denial." *Cullen*, 131 S.Ct. at 1402. "In these circumstances, [petitioner] can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for the [state court's] decision." *Id.* (quoting *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)); *see also Johnson v. Williams*, 133 S.Ct. 1088 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted").

8

(2012) (quoting 28 U.S.C. § 2254(d)).   However, when "the state court has not reached the merits of a claim thereafter presented to a federal habeas court, the deferential standards provided by AEDPA . . . do not apply." *Lewis*, 581 F.3d at 100 (quoting *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001)).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. *See Yarborough v. Alvarado*, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).   A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).   "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' [and] therefore cannot form the basis for habeas relief under AEDPA." *Parker*, 132 S.Ct. at 2155 (quoting 28 U.S.C. § 2254(d)(1)).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court applies a rule that "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different result.]" *Williams*, 529 U.S. at 405–06. Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.   However, under § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 131 S.Ct. 770, 785

9

(2011) (quoting *Williams*, 529 U.S. at 410). "If this standard is difficult to meet—and it is—that is because it was meant to be." *Burt v. Titlow*, 134 S.Ct. 10, 16 (2013) (citations and internal quotation marks omitted). The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen*, 131 S.Ct. at 1398.

**B. Analysis**

**1.   Timeliness[1]**

AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). AEDPA's statute of limitations must be applied "on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...

---

[1] Although Respondents do not raise this defense in its Answer, "a federal [] judge may . . . raise *sua sponte* the AEDPA statute of limitations defense even after an answer has been filed." *Long v. Wilson*, 393 F.3d 390, 404 (3d Cir. 2004). "[A]fter the Rule 4 period has ended, courts may continue to raise the AEDPA statute of limitations issue *sua sponte*, but only after providing . . . notice, an opportunity to respond, and an analysis of prejudice." *U.S. v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). Indeed, "the AEDPA statute of limitations is an important issue, the raising of which may not necessarily be left completely to the state." *Long*, 393 F.3d at 402. "[T]he statute of limitation implicates the interests of both the federal and state courts, as well as the interests of society, and therefore it is not inappropriate for the court, on its own motion, to invoke the doctrine." *Id.* (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)).

10

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13. In this case, Petitioner's petition for certification to the New Jersey Supreme Court on direct review was denied on July 16, 2007. *See State v. Roberts*, 927 A.2d 1292 (N.J. 2007). Petitioner did not filed a petition for writ for certiorari with the United States Supreme Court, therefore his conviction became final ninety days after the New Jersey Supreme Court denied certification, on October 15, 2007. Petitioner had one year from October 15, 2007, or until October 15, 2008, to file his federal habeas petition. Since Petitioner did not file his Petition until June 18, 2012, the Petition is untimely unless tolling applies.

The statute of limitations is statutorily tolled during the time in which properly filed state post-conviction relief petition is pending. *See* 28 U.S.C. § 2244(d)(2). The Third Circuit has explained that:

[a] prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (emphasis omitted), including "time limits, no matter their form," *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Thus, if a state court determines that an application is untimely, "'that [is] the end of the

11

matter' for purposes of statutory tolling of AEDPA's limitation period, *id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)), "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits[,]" *Carey*, 536 U.S. at 226. But if a state court fails to rule clearly on the timeliness of an application, a federal court "must ... determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).

*Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–86 (3d Cir. 2013).   Furthermore, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."   *Stokes v. Dist. Attorney of the Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, Petitioner did not file his first PCR petition until November 21, 2008.   (Pet'r's App., Pa 15-17, ECF No. 1-4.)   By that time, Petitioner's one year statute of limitations to file a federal habeas petition had already expired and as a result, the filing of his PCR petition had no effect on his federal limitations period.   *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) (state post-conviction relief petition had no effect on tolling because the limitations period had already run when it was filed).

While statutory tolling does not save the petition, Petitioner may also be able to overcome the time bar if he can show a basis for equitable tolling.   The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case."   *See Pabon v.*

12

*Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011).   In determining whether equitable tolling is

appropriate, "the particular circumstances of each petitioner must be taken into account," *id.*, and

each decision made a case-by-case basis.   *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549,

2563, 177 L.Ed.2d 130 (2010). The Third Circuit has explained that "equitable tolling is

appropriate when principles of equity would make rigid application of a limitation period unfair,

but that a court should be sparing in its use of the doctrine."   *Ross v. Varano*, 712 F.3d 784 (3d

Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

    With respect to the diligence that is necessary for equitable tolling, the Third Circuit stated

that:

> The diligence required for equitable tolling purposes is reasonable diligence, not
> maximum, extreme, or exceptional diligence.  *Holland*, 130 S.Ct. at 2565.  "This
> obligation does not pertain solely to the filing of the federal habeas petition, rather
> it is an obligation that exists during the period appellant is exhausting state court
> remedies as well."  *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).... The fact
> that a petitioner is proceeding pro se does not insulate him from the "reasonable
> diligence" inquiry and his lack of legal knowledge or legal training does not alone
> justify equitable tolling.  *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d 784.   Extraordinary circumstances may be found where: (1) the petitioner has been

actively mislead; (2) the petitioner has in some extraordinary way been prevented from asserting

his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy*

*v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir.

1999)). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or

other mistakes have not been found to rise to the 'extraordinary' circumstances required for

equitable tolling."  *Id.* (citations omitted).

    Petitioner has made no arguments to support a finding of equitable tolling.   Under normal

circumstances, the Court would order Petitioner to show cause why his Petition should not be

13

dismissed as untimely.   However, since the Court also finds that the claims in the Petition are

without merit, as discussed below, it is unnecessary to provide Petitioner with that opportunity.

## 2.   Merits of the Petition

### a.   Excessive Sentence (Ground One)

In his first ground for relief, Petitioner argues that his due process rights were violated

when the trial court sentenced him to a twenty-year period of parole ineligibility when the signed

plea agreement stated that his maximum period of parole ineligibility would be twelve years and

nine months.

Though he states that he did not raise this claim in state court until his second PCR petition,

it is clear that this is essentially the claim Petitioner raised in his first PCR petition.[2]   When

denying this claim, the PCR court found as follows:

> On or about November 21, 2008, defendant filed his PCR petition, asserting
> ineffective assistance of counsel "at the time of plea and sentencing." PCR counsel
> was assigned and filed a brief contending that prior counsel: (1) "coerced and
> cajoled" defendant into pleading guilty by "misleading [him] with respect to the
> terms of the plea agreement"; and (2) provided ineffective assistance at sentencing
> by failing to assert mitigating factors including that fact that defendant "cooperated
> with authorities throughout the investigatory process, ... [and] voluntarily
> surrendered to the police."
>
> Defendant filed a certification, contending he was advised that the sentence
> recommendation "was for [fifteen] years total." He rejected that offer and sought a
> maximum of ten years. When counsel presented the plea form for his signature, the

---

[2] In fact, the state court specifically held that his second PCR petition raises the same arguments
as his previous appeals and petition.   (Pet'r's Br., Ex. I, 2nd PCR Order, ECF No. 17-10) ("In this
Petition you raise essentially the same facts as in your prior appeals and Petition for Post-
Conviction relief, namely that your plea agreement was for fifteen years. While including some
language that Post-Conviction Relief counsel was ineffective, you are essentially arguing the same
issues that were previously litigated on direct appeal, and the first Petition for Post-Conviction
Relief and the subsequent appeal from that Petition. Your claim that 'trial and direct appeal
counsels failed to read and understand the Plea Agreement and Bring to the Court's Attention that
the Plea Agreement Mandated a Maximum Sentence of 15 years subject to NERA" is not a
cognizable claim on a second petition for PostConviction Relief.")

14

sentence recommendation "stated in no uncertain terms that, 'State will recommend [fifteen] years....' This is the language that was presented to [him] and confirmed by counsel." In support, defendant pointed to the presence of a period at the end of the sentence, "State will recommend [fifteen] years NJSP[,]" following which is written "on each count of [the] accusation. State will argue for consecutive terms." Defendant contended that language was added after he signed the plea form.

Defendant further certified that "at the time of [his] original sentencing, which was scheduled for October 31, 2003, [he] suffered an episode of paranoid schizophrenia." He asserted that his attorney was aware of that and "should have requested an adjournment.... As a result of [counsel's] failure to address [his] specific mental needs, [he] made a bad impression in front of [the judge] ... that ... prejudiced [him] once the sentencing ultimately took place on November 14, 2003."

A different judge heard argument on defendant's PCR petition on July 15, 2009. After reviewing the history of defendant's case and discussing the pertinent legal standards, the judge concluded that defendant had failed to make a prima facie case of ineffective assistance of counsel and denied relief without a hearing.

The judge reviewed defendant's plea form as well as the lengthy colloquy in which the plea judge explained the possible imposition of consecutive sentences. Noting that defendant had indicated a limited ability to read and write English at the time of the plea, the PCR judge concluded that the "record contains numerous instances during the plea in which the [c]ourt on the record explained the potential sentences in detail." This led the judge to find that even if defendant had been "misinformed" by counsel, as he claimed, "the extensive explanations by [the plea judge] rendered the plea knowing and intelligent."

The judge noted further that defendant had filed, and then withdrew, a motion to retract his plea prior to sentencing. The judge summarized his reasons for denying relief as follows:

> Therefore, [defendant] is unable to show that but for trial counsel's alleged misconduct, he would have refused to enter a guilty plea and demanded to go to trial. All evidence shows that he was fully informed of the sentencing ramifications and the terms of the plea agreement, and he freely and voluntarily chose to plead guilty to these charges and reaffirmed his desire to plead guilty on the day of sentencing when he withdrew his motion to withdraw his guilty plea.... [Defendant's] claims in this regard are ... unsupported by the record.

...

15

> Having reviewed all of defendant's contentions in light of the record and the controlling legal principles, we are satisfied they lack "sufficient merit to warrant discussion in a written opinion." R. 2:11–3(e)(2). We affirm substantially for the reasons stated by Judge James J. Den Uyl in his July 15, 2009 oral decision denying each of defendant's PCR claims on the merits.

*State v. Roberts*, No. A-0206-09T4, 2011 WL 3503119 (N.J. Super. Ct. App. Div. Aug. 11, 2011).

The precise nature of Petitioner's claim is unclear.   To the extent Petitioner is alleging that his federal constitutional rights were violated because the state court failed to sentence him in accordance with his plea agreement, that argument is without merit.   Petitioner points to Paragraph 7 of his plea agreement in support of his argument that he should have been sentenced to only 12 years and nine months of parole ineligibility.   Specifically, the Paragraph 7 reads as follows:

> Did you enter a plea of guilty to any charges that require a mandatory period of parole ineligibility or a mandatory extended term?
>
> a.  If you are pleading guilty to such a charge, the minimum mandatory period of parole ineligibility is 8 years and 6 months (fill in the number of years/months) and the maximum period of parole ineligibility can be 12 years and 9 months (fill in the number of years/months) and this period cannot be reduced by good time, work, or minimum custody credits.

The language of Paragraph 7 clearly applies to the potential parole ineligibility for each individual charge, a fact which is underscored by the language contained in Paragraph 13, wherein it states that the "State will recommend 15 years NJSP on each count of accusation.   State will argue for consecutive terms."   Petitioner pled guilty to two separate charges subject to the NERA, armed robbery and carjacking; therefore the trial court's sentence of two consecutive terms of fifteen years imprisonment is clearly well within the parameters of his plea agreement.   In fact, the trial court specifically outlined this aspect of the plea agreement with Petitioner during the plea hearing:

16

Q Now, do you understand, sir, that each of these crimes that you are to pleading guilty to, robbery and carjacking, fall[s] under [NERA]?

A Yes, [Y]our Honor, I understand.

Q That's a mandatory period of parole ineligibility.   You understand that?

A Yes, I understand that.

Q And in your; case, if you get a concurrent term of incarceration, meaning [fifteen] years -- we'll do the math – that would be [twelve] and three-quarters years, or [twelve] years and [nine] months, before you're eligible to be considered for parole.   Do you understand that?

A Yes, [Y]our Honor.

Q And if you get a [thirty]-year sentence, it would be [twenty-five] and a half years, or [twenty-five] years and six months, before you're eligible to be considered for parole. Do you understand that?

Q Yes, I understand that.

It is clear that the state court sentenced Petitioner in accordance with the plea agreement and Petitioner's claim to the contrary is denied.

To the extent Petitioner is alleging that his sentence is excessive, that claim is also without merit.   Absent a claim that a sentence constitutes cruel and unusual punishment prohibited by the eighth amendment, or that it is arbitrary or otherwise in violation of due process, the legality and length of a sentence are questions of state law over which this Court has no jurisdiction under § 2254.  *See Chapman v. United States*, 500 U.S. 453, 465, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (holding that under federal law, "the court may impose ... whatever punishment is authorized by statute for [an] offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment); *see also Grecco v. O'Lone*, 661 F.Supp. 408, 415 (D.N.J. 1987).

17

The sentence imposed in the present case was clearly within the range of the trial court's discretion and within the potential sentences outlined in the plea agreement.   Moreover, the Court notes that the Appellate Division already reduced Petitioner's sentence to an aggregate term of twenty-five years on direct appeal.   Petitioner's sentence does not violate any of his federal constitutional rights and habeas relief on this ground will be denied.

**b.   Ineffective Assistance of Counsel (Ground Two)**

In his second ground for relief, Petitioner argues that trial counsel, appellate counsel and PCR counsel[3] were ineffective for failing to argue that the signed plea agreement stated that his maximum period of parole ineligibility would be twelve years and nine months, yet he was sentenced to a period of twenty years of parole ineligibility.

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.   The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *See Strickland*, 466 U.S. at 687.   First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88.   "[C]ounsel should be 'strongly presumed to have rendered

---

[3] Any claims regarding the alleged ineffectiveness of PCR counsel is not cognizable in a federal habeas proceeding. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Poole v. New Jersey*, No. 09–1923, 2010 WL 2952118, at *11 (D.N.J. July 21, 2010) ("Petitioner's claim regarding ineffective assistance of counsel by PCR counsel is not cognizable in a habeas claim.") (citation omitted).

18

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen*, 131 S.Ct. at 1403 (citing *Strickland*, 466 U.S. at 690). "To overcome that presumption, a defendant must show that counsel failed to act 'reasonabl[y] considering all the circumstances.'" *Id.* (citing *Strickland*, 466 U.S. at 688).

Further, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. *Id.*

To satisfy the prejudice prong, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding' . . . Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Harrington*, 131 S.Ct. at 788 (citing *Strickland*, 466 U.S. at 687). As the Supreme Court explained,

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision

19

reached would reasonably likely have been different absent the errors.

*Strickland*, 466 U.S. at 695-96.

The Supreme Court instructs that a court need not address both components of an ineffective assistance claim "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

Here, Petitioner cannot meet either prong of *Strickland*. As discussed above, Petitioner's assertion that he was sentenced in violation of his plea agreement is without merit. Accordingly, there is no basis to conclude that Petitioner's counsel provided ineffective assistance for failing to argue that the sentence imposed by the state court was illegal. *See Werts v. Vaughn*, 228 F.3d 178, 202 (3d Cir. 2000) ("counsel cannot be ineffective for failing to raise a meritless claim."). Moreover, there is no prejudice to Petitioner because he was in fact sentenced within the timeframes contained in his plea agreement. Since Petitioner cannot meet either prong of *Strickland*, he is not entitled to federal habeas relief on his ineffective assistance of counsel claim.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

20

(2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Thus, no certificate of appealability shall issue.

## IV.  CONCLUSION

For the above reasons, the § 2254 habeas petition is denied, and a certificate of appealability will not issue.  Petitioner's request for an evidentiary hearing is denied as moot.  An appropriate Order follows.


Dated:


Peter G. Sheridan, U.S.D.J.